[Civ. No. 27104.   Second Dist., Div. Four.   Oct. 8, 1963.]

ANCHOR CASUALTY COMPANY, Plaintiff and Respondent, v. GORDON D. STRUBE, Defendant and Appellant.

N. E. Youngblood for Defendant and Appellant.

Anderson, McPharlin & Conners, Robert E. Jones and Kenneth E. Lewis for Plaintiff and Respondent.

KINGSLEY, J.—This is an appeal by defendant, an indemnitor, from a judgment for plaintiff, a surety company. Plaintiff instituted this action to recover a loss it sustained by virtue of a certain undertaking on a claim and delivery bond.

A chronological summary of the basic facts (as to which there is essentially no dispute) is as follows: American Aeronautics Corporation, a corporation, of which defendant was president, instituted a claim and delivery action against Grand Central Aircraft Corporation. On October 4, 1954, plaintiff, as surety, issued a claim and delivery bond on behalf of American Aeronautics Corporation, as principal, and in favor of certain obligees, including Grand Central Aircraft Company. At the same time, and in order to procure the execution of the bond, an application was executed by defendant on behalf of American Aeronautics Corporation. Also contemporaneous with the issuance of the bond and execution of the application for the bond, defendant signed a separate indemnity agreement, which, in part, provided that the indemnitor would indemnify the surety against all loss, costs, damages, attorneys' fees and expenses which the surety might sustain or incur by reason of such undertaking on the bond. While the application for the bond was signed by defendant in his representative capacity as president of American Aeronautics Corporation, the indemnity agreement was signed by defendant simply in his individual capacity.

In the litigation in which the bond was posted, Grand Central Aircraft Company was granted a judgment on its cross-complaint for $39,159.66 against American Aeronautics Corporation, the principal on the bond.

In September of 1955 American Aeronautics Corporation became insolvent. Grand Central Aircraft Company, finding that American Aeronautics Corporation could not satisfy the judgment returned against it, instituted suit on May 11,

1956, against the present plaintiff as surety on the bond. In that action, Grand Central Aircraft Company was successful in recovering a judgment of $39,159.66 plus costs and expenses of $54.25.

On December 13, 1957, plaintiff instituted the present action, seeking to recover from defendant, pursuant to the indemnification agreement, damages allegedly paid Grand Central Aircraft Company, as a result of having posted the claim and delivery bond on behalf of American Aeronautics Corporation, in the sum of $39,213.91, together with interest thereon at the rate of 7 per cent per annum from December 10, 1957, to the date of judgment. The suit asked, also, for $3,641.26 prior attorneys' fees and costs, plus additional attorneys' fees and costs for the present action. In this action plaintiff was successful.[1]

I

■ Defendant strenuously and vigorously argues that extrinsic evidence should have been allowed to show that he signed the indemnity agreement in his representative and not in his individual capacity, and that the trial court erred in excluding this evidence by invoking the parol evidence rule. For this result defendant presents several avenues of approach. He first argues that the indemnity agreement is ambiguous on its face because one of the printed provisions in the indemnity agreement directs that a sworn financial statement from each individual, firm or corporation signing the agreement must be furnished to the bonding company. No such statement was furnished by defendant, and, as a matter of fact, the only financial statement involved in the whole transaction is that of American Aeronautics Corporation, which is attached to the application for the bond. Therefore, argues defendant, this failure to require any sworn financial statement from defendant renders the indemnity agreement uncertain and ambiguous, and extrinsic evidence should have been admitted by the trial court to establish the actual agreement and intent of the parties.

Secondly, the signing of the application for the bond and indemnity agreement were part of one continuous transaction, and since defendant signed the application for the bond in his representative capacity, it follows that it was his intent to sign the indemnity agreement in his representative

---

[1]Plaintiff having been able to recover $500, defendant was credited with that amount against the sums paid out by plaintiff.

capacity, and extrinsic evidence should have been admitted to show his true intent. We find neither of these contentions convincing.

Civil Code, sections 2847 and 2848[2] give the surety on a bond a cause of action against the principal where the surety has satisfied the principal obligation. Furthermore, the application for the bond (executed by the corporation) provides that the principal on the bond agrees to indemnify, and to hold and save the surety harmless from and against any and all demands, liabilities, charges and expenses of whatever kind and nature, if the surety satisfies the principal obligation. While the indemnification agreement spells out in more detail the extent of the surety's rights, it adds so little to the substance of those rights that for defendant to have signed it on behalf of the corporation would have been a fruitless act.

Furthermore, the financial statement was not the only part of the indemnity agreement not completed. The printed form provides for an individual, a copartnership or a corporate acknowledgment on the signature page where defendant signed. None of these provisions were filled in. The indemnity agreement form also provided space for a corporate indemnitor to attach a resolution or a copy of a bylaw that authorized such an agreement. This too was left blank. It follows that no implication in either direction can be drawn from the omission of any of this data and, being equally consistent with the conclusion that defendant obligated himself to be personally bound, and was not signing as president and agent of the corporation, no ambiguity arose.

Finally, the indemnification agreement is couched in language which has meaning only if it was intended for execution by someone other than the principal on the bond. The second recital of the agreement reads as follows:

"And Whereas, the Indemnitor(s) expressly warrant(s) that he has, or, they have, sufficient interest in the

---

[2]Civil Code, section 2847 provides: "If a surety satisfies the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses; but the surety has no claim for reimbursement against other persons, though they may have been benefited by his act, except as prescribed by the next section.

Civil Code, section 2848 provides: "A surety, upon satisfying the obligation of the principal, is entitled to enforce every remedy which the creditor then has against the principal to the extent of reimbursing what he has expended, and also to require all his co-sureties to contribute thereto, without regard to the order of time in which they became such."

execution of such bond(s) as to properly empower them to enter into this indemnity agreement...." Since the interest of the principal in the execution of the bond is patent from its status, a recital such as this is needed only where the indemnitor is other than the principal.

In the light of these facts, not only does no ambiguity appear but no construction other than that the personal liability of defendant was intended could possibly be made. The trial court properly refused to admit evidence to vary the terms of the contract as written.

## II

Defendant argues that plaintiff could have settled the Grand Central claim for $28,000 and that it had a duty to him to mitigate its loss in that fashion. In support of this claim, he relies on *Associated Lathing etc. Co.* v. *Louis C. Dunn, Inc.* (1955) 135 Cal.App.2d 40 [286 P.2d 825], and other cases involving liability insurance. However, in such cases, the insurer, by the terms of the policy, controls the underlying litigation, and the judicially created obligation to attempt to settle within policy limits arises from that fact and from the fiduciary relation thereby created. But a surety on a judicial bond does not control the litigation and has no right or duty to intervene therein. In the present case, defendant and the corporation prosecuted an appeal which was pending when the alleged settlement opportunity arose.[3] Since defendant then held the hope that no liability would be found, plaintiff cannot be held to have had a duty to frustrate that appeal by accomplishing a settlement on its own behalf.

## III

Defendant further asserts that the court erred in admitting into evidence plaintiff's check for $3,685.01 for attorneys' fees it incurred in the suit upon the bond because no proper foundation was laid showing this to be the reasonable value of such services. However, paragraph 7 of the indemnity agreement provides that the voucher or vouchers or other evidence of payment of attorneys' fees and expenses shall be prima facie evidence of the fact and extent of liability of the indemnitor in any and all claims or suits on the

---

[3]The basic litigation, *American Aeronautics Corp.* v. *Grand Central Aircraft Co.* (1957) 155 Cal.App.2d 69 [317 P.2d 694] was not decided by this court until November 7, 1957, and did not become final until December 7, 1957 (Cal. Rules of Court, rule 24 [formerly Rules on Appeal, rule 24]).

indemnity agreement. Such a provision is unquestionably valid in California. (*Fidelity & Deposit Co.* v. *Whitson* (1960) 187 Cal.App.2d 751, 757 [10 Cal.Rptr. 6].) All this provision does is shift the burden of proof to the opponent to show that such was not the reasonable value of such services. Having full opportunity defendant did not seek to rebut such evidence. He cannot now be heard to complain.

The judgment is affirmed.

Burke, P. J., and Jefferson, J., concurred.